Brian S. Tamsut, No. 322,780 btamsut@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Jonathan P. Pearce, No. 245,776 jpearce@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350
Attorneys for Barkley & Associates Inc.

**United States District Court**

**Central District of California**

| | |
|---|---|
| Barkley & Associates, Inc., a California Corporation,<br>Plaintiff,<br>v.<br>Gregory Brunshidle, an individual, and Sonal Patel, an individual,<br>Defendants. | Case No. 2:25-cv-3576<br>(1) Trademark Infringement [15 U.S.C. § 1114]<br>(2) Copyright Infringement [17 U.S.C §§ 101 *et seq.*]<br>(3) Lanham Act Unfair Competition [15 U.S.C. § 1125(a)]<br>(4) Common Law Trademark Infringement<br>(5) Unfair Business Practices [Cal. Bus. & Prof. Code § 17200]<br>Demand for Jury Trial |

## FIRST CLAIM FOR RELIEF – TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]

### A. Introduction

1. Plaintiff Barkley & Associates Inc. ("Barkley") specializes in creating test preparation materials for graduate nursing students studying to become certified nurse practitioners. Barkley creates a variety of study materials including printed study manuals, practice questions, digital study materials, recorded courses and more. Barkley meticulously protects all its study materials by registering them with the United Sates Copyright Office. Defendants Gregory Brunshidle and Sonal Patel ("Brunshidle" or "Patel" and collectively "Defendants") hosted copies of Barkley

study materials and distributes them without a license to users in California, The United States, and all over the world. These illegal sales have resulted in not only lost profits to Barkley but have damaged Barkley's reputation. Because Barkley registered the copied works before Defendants began their infringement, Barkley is entitled to statutory damages of at least $1,950,000. These statutory damages will compensate Barkley for (1) lost sales (2) a reasonable royalty for all infringed copies (3) corrective advertising to educate consumers on the counterfeits still floating around e-commerce stores and YouTube.

## B. SUBJECT MATTER JURISDICTION

2. Barkley is a California corporation registered to do business in California with a business address at 8060 Melrose Avenue, Suite 230, Los Angeles, CA 90046. Barkley also provides instructors around the country for live courses including in Illinois, Ohio, and 10 other states around the United States.

3. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, and under the copyright laws of the United States, 17 U.S.C. § 501 *et seq.*, and California and statutory unfair competition under California law. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff's federal claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the Copyright Act 17 U.S.C. § 501 *et seq.* This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338 (copyrights and trademarks), and 15 U.S.C. § 1121 (Lanham Act and unfair competition). This Court has subject matter jurisdiction over Plaintiff's related California claims (Fifth and Sixth Claims for Relief) under 28 U.S.C. §§ 1338(b) and 1367 because the state law claims are claims of unfair competition when joined with a substantial and related claim under the copyright or trademark laws.

### C. Personal Jurisdiction and Venue

4. This Court has personal jurisdiction over Defendants because Defendants purposefully direct their activities toward and conducts business with consumers in the State of California and in this district. Defendants conducted business in the jurisdiction of the United States District Court for the Central District of California by offering for sale, advertising for sale, and selling infringing goods via YouTube in Los Angeles, Ventura, and Santa Barbara counties, including soliciting California consumers to buy infringing product via YouTube.

5. This court has personal jurisdiction over Defendants because Defendants offered an entire replica of Plaintiff Barkley's home study material to residents of this District, through the advertisement, offer to sell, and viewing of goods into Los Angeles, Ventura and Santa Barbara counties, California.

### D. Facts

6. Barkley creates test preparation materials for students studying to become nurse practitioners. These study materials come in the form of home courses, study manuals, textbooks, recordings of classes, and other study materials. The materials come in both digital and print form. A sampling of Barkley's materials is reproduced below:





8060 Melrose Ave., Suite 230
Los Angeles, CA 90046

*"Providing the Nation's BEST Nurse Practitioner Continuing Education Courses"*

FAMILY NURSE PRACTITIONER

ADULT-GERONTOLOGY PRIMARY CARE CONTENT


19. Eyes, Ear, Nose, and Throat and Upper Respiratory Disorders ..... 156
20. Integumentary Disorders ..... 168
21. Lower Respiratory Disorders ..... 186
22. Endocrine Disorders ..... 193
23. Gastrointestinal Disorders ..... 201
24. Gynecologic Concerns/Issues in Men's Health ..... 212
25. Sexually Transmitted Infections/Diseases ..... 234
26. Hematologic and Oncologic Disorders ..... 244
27. Musculoskeletal Disorders ..... 251
28. Psychosocial Disorders ..... 262
29. Neurological Disorders ..... 268
30. Useful Points ..... 277
31. Herbal Agents ..... 284
32. Instructions for Online Streaming Video (OSV) Chapters ..... 286
33. Cardiovascular Disorders ..... 289
34. Sexually Transmitted Infections (Pediatric) (OSV) ..... 299
35. Contraceptive Options (OSV) ..... 305
36. Obstetrics and Pregnancy Pearls (OSV) ..... 320
37. Evidence-Based Cultural Considerations (OSV) ..... 330
38. Practice Issues; Ethical and Legal Principles (OSV) ..... 335
39. References ..... 361


© 2023 Barkley & Associates Inc.



BARKLEY & ASSOCIATES
FAMILY NURSE PRACTITIONER
CERTIFICATION REVIEW/CLINICAL UPDATE CONTINUING EDUCATION COURSE

GROWTH AND DEVELOPMENT

1. Learning Objectives
   a. Describe the multiple domains of growth and development
   b. Articulate major theories of growth and development
   c. Discuss major growth and development landmarks from birth to adolescence
   d. Revise health promotion principles across the various development stages
      i. Describe *expected developmental* progression for the pediatric lifespan
      ii. Discuss *anticipatory guidance* measures for children at various developmental stages
      iii. Identify developmental warning signs *or* RED FLAGS
2. Domains of Growth and Development
   a. Three primary domains:
      i. Physical domain
      ii. Cognitive domain
      iii. Psychosocial domain
   b. Disturbances of any of these may alter growth and development
3. Guidelines: The American Academy of Pediatrics' (AAP) *Bright Futures: Guidelines of Health Supervision of Infants, Children, and Adolescents*

The Physical Domain

1. Physical growth occurs in an orderly, predictable sequence; direction of growth as follows:
   a. Cephalo→ Caudal
   b. Proximal→ Distal
2. Individual variability, genetic characteristics, ethnicities, and cultural practices all influence physical development.
3. Sequential measurements are important.

**Nutritional Factors**
1. Breastfeeding
   a. Is the perfect food for humans; cannot be duplicated
   b. Decreases illness in infants
   c. Maternal antibodies are transferred to infants.
   d. Decreases gastrointestinal (GI) problems such as GERD
   e. Decreases allergies as breast milk contains anti-inflammatory agents to decrease atopy; fewer allergies in children who are breastfed
   f. Breastfeeding during painful procedures provides analgesia.
   g. The longer the mother breastfeeds, the lower the risk of obesity in the child; independent of education and socioeconomic status.

© 2023 Barkley & Associates, Inc.

7. Barkley protects its study materials not only by registering them with the US copyright office but by registering its federal trademarks which Barkley displays on all its materials, so consumers know the source of test preparation materials. Below are Barkley's trademarks that it displays on its materials:

| US Trademark Registration No. | Trademark |
|---|---|
| 6272223 | Barkley &ASSOCIATES |
| 6270781 | BARKLEY & ASSOCIATES |

8. A sampling of Plaintiff's copyright works is produced below:

| **Title** | **Copyright No.** |
|---|---|
| Adult-Gerontology Acute Care Nurse Practitioner ACNP | TX0008198957 |

| | |
|---|---|
| Adult-Gerontology Primary Care Nurse Practitioner AGPCNP | TX0008198960 |
| Pediatric Primary Care Nurse Practitioner PNP | TX0008198960 |
| Psychiatric Mental Health Nurse Practitioner PMHNP | TX0008199468 |
| Women's Health Care Nurse Practitioner WHNP | TX0008204759 |
| Family Nurse Practitioner | TX0008204763 |
| Emergency Nurse Practitioner ENP | TX0008891069 |
| Adult-Gerontology Acute Care Nurse Practitioner Audio Recordings | SR881728 |
| Adult-Gerontology Primary Care Nurse Practitioner Audio Recordings | SR881-483 |
| Pediatric Primary Care Nurse Practitioner Audio Recordings | SR880376 |
| Psychiatric Mental Health Nurse Practitioner Audio Recordings | SR881727 |
| Family Nurse Practitioner Audio Recordings | SR880380 |
| Women's Health Care Nurse Practitioner Audio Recordings | SR881545 |
| Emergency Nurse Practitioner Audio Recordings | SR881735 |

9. On information and belief, Defendants obtained copies of multiple different Barkley study resources.

10. On information and belief, Defendants created unauthorized copies of Barkley study materials and invited users to visit Defendant's YouTube channel to view a complete replication of the Barkley course.

11. For example, Defendant's uploaded one of Barkley's entire courses to YouTube and invited thousands of nursing students to view the video:


STIs
Barkley & Associates
Shop
Content List
Your eBooks
My Account
Sexually Transmitted Infections/Diseases
Barkley & ASSOCIATES
Certification Review/Clinical Update
Continuing Education Course
0:02 / 17:43
Scroll for details


youtube.com/@sonareg994/videos
Premium
Home
Shorts
Subscriptions
YouTube Music
You
Your channel
History
Playlists
Your videos
Your movies & TV
Watch later
Liked videos
Downloads
Subscriptions
Sonareg
@sonareg994 · 381 subscribers · 19 videos
Subscribe
Home
Videos
Playlists
Latest
Popular
Oldest
Practice Issues 3 and 4
Neurological Disorders
Transient Ischemic Attack (TIA)
Practice Issues 1 and 2
Cardiovascular Issues
Cardiovascular Assessment
Renal Genitourinary Issues
Shock States
Herbals
Herbal Agents
Pulmonary Disorders

12. Defendants neither had permission nor a license to sell or make copies of any Barkley study materials.

13. Under information and belief Plaintiff displays the following warning before students are allowed to participate in Barkley courses and use Barkley Copyright materials:




14. Barkley's study materials also displayed multiple BARKLEY & ASSOCIATES® and copyright protected © symbols. These symbols put Defendants on notice that Defendants were infringing Barkley's trademark and copyrights.

15. Despite these warnings, Defendants actively pursued potential customers for counterfeit goods by soliciting people to create an account on Defendants' platform and pay for unlicensed study materials.

16. On information and belief Defendants obtained copies of multiple different Barkley study resources.

17. Defendants made and continue to make products that copy the total image of Barkley's products, in violation of Barkley's intellectual property rights.

18. Barkley neither approved nor authorized Defendant's use of Barkley's trademarks, trade dress or copyrights.

19. Defendant's unsanctioned products are likely to confuse consumers, create a false association between those products and Barkley's, and dilute Barkley's famous brand.

20. Unless the Court permanently enjoins Defendants from continuing to sell infringing goods, the infringement will continue, and consumers will continue to be confused.

21. Barkley has spent over two decades and significant money on advertising, promoting, and marketing its test preparation goods. The BARKLEY & ASSOCIATES brand and its test preparation goods have achieved widespread recognition and fame throughout the United States.

22. Barkley is the owner of all the rights, title, and interest in the two registered trademarks it affixes to all its goods.

23. Defendant infringed Barkley's trademark by enticing nursing students to use infringing materials posted to Defendant's YouTube channel rather than purchase legitimate Barkley products

24. Defendants also infringed Barkley's marks when reproducing counterfeit documents. Defendants chose to keep the Barkley registered trademark logo and BARKLEY & ASSOCIATES® trademark on pages to fool consumers into thinking they were purchasing legitimate Barkley products.

25. Barkley also owns extensive common law rights in the BARKLEY & ASSOCIATES marks for Barkley's goods and services. Barkley continuously used the marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Barkley test preparation goods and services since Defendants' respective dates of first use.

26. Because of continuous and long-standing promotion, substantial sales, and consumer recognition, Barkley has developed powerful trademarks rights and has built substantial goodwill.

27. Having distinctive trademarks that are readily identifiable is an important factor in creating and maintaining a market for Barkley's goods and services, and in identifying Barkley and its brands, and in distinguishing Barkley's products from the products of others.

28. Defendants' use of Barkley's trademarks is likely to confuse, mislead, or deceive potential consumers, purchasers, and the general buying public as to the source, origin, sponsorship, or affiliation of Defendants' goods with Barkley's and is likely to cause people to believe erroneously that Defendants' goods have been authorized, sponsored, approved, endorsed, or licensed by Barkley or that Defendants is affiliated with Barkley.

29. Defendants' unauthorized use of Barkley's trademarks is trademark infringement of Barkley's federally registered trademarks that has caused damage to Barkley and the substantial business and goodwill embodied in Barkley's trademarks in violation of 15 U.S.C. § 1114.

30. As a direct and proximate result of Defendants' wrongful acts, Barkley suffered, continues to suffer, and is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Defendants will continue to use Barkley's marks or confusingly similar marks and will cause irreparable damage to Barkley, Barkley's trademarks, and to the business and goodwill they represent for which Barkley has no adequate remedy at law.

31. Barkley further has the right to recover from Defendants the actual damages Barkley sustained, is sustaining, or is likely to sustain because of Defendant's wrongful acts.

32. Upon information and belief, Defendants obtained gains, profits, and advantages because of Defendants' wrongful acts and will continue to do so in an amount yet to be determined.

33. Defendants' use of Barkley's trademarks and confusingly similar marks has been intentional and willful. Defendants' bad faith is evidenced by the egregious and prominent use of Barkley's trademarks in connection with the sale and promotion of competing goods and the extensive nature of the infringement. Because of the willful nature of Defendants' wrongful acts, Barkley is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

34. Defendants copied Barkley's marks because Defendants knew that doing so would garner attention and drive sales to it, confuse consumers and damage Barkley.

35. Because of Defendants' infringement of Barkley's registered marks, Barkley should be entitled, subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) costs. 15 U.S.C. § 1117(a).

36. Under 15 U.S.C. § 1117(a), Defendants' infringement of Barkley's registered trade dress lets this Court enhance the damages arising from infringement, up to three times the actual damages, according to the circumstances. The circumstances here warrant the enhancement to address a variety of undercompensated harm, including difficulty in assessing damage and lost profits cannot address the ongoing harm, and enhanced damages advance the cause of deterring Defendants and others similarly situated from repeating this unfair and deceptive behavior.

37. Barkley is entitled to recover its attorney fees in exceptional cases under 15 U.S.C. § 1117(a). This case is exceptional considering the totality of the circumstances.

**SECOND CLAIM FOR RELIEF - COPYRIGHT INFRINGEMENT**

**[17 U.S.C. § 501]**

38. Barkley repeats the allegations of the previous paragraphs.

39. Barkley's test preparation materials including PDFs, written manuals, text-books, study guides, practice tests, classroom recordings and videos and all elements thereof in all versions of development and production are all original works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

40. Barkley owns copyrights on its various study materials which have been registered with the United Stated Copyright Office. Copies of those Registration Certificates are attached as Exhibit A.

41. Barkley's certificates of copyright registrations were made within five years of the first publication, so they are prima facie evidence of the validity of the copyrights and of the facts stated in the certificates.

42. Defendants directly infringed Barkley's exclusive rights in its registered works in violation of 17 U.S.C. § 501.

43. Defendants' sale of infringing testing material, including digital pdfs, infringes Barkley's exclusive right to sell copies of the copyrighted work, and to publicly display the copyrighted work under 17 U.S.C. § 106.

44. Defendants infringed Barkley's exclusive rights granted to it as the lawful copyright owner, and Defendants unlawfully trespassed into Barkley's exclusive domain by creating and selling unauthorized versions of Barkley's copyrighted work.

45. Defendants sell products that copy Plaintiff's copyrighted materials. Defendants also publish and display, every day, throughout the internet on their website and on the sites of Defendants' authorized e-commerce re-sellers, labels that infringes Barkley's copyrighted material. Defendants violated at least one of the exclusive rights in 17 U.S.C. § 106.

46. Defendants seek to capitalize, unilaterally, on Barkley's exclusive copyright rights. Defendants' infringing acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of Defendants' products and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods originate from, are associated, or affiliated with, or are otherwise authorized by Barkley.

47. Barkley suffered damages. Because of Defendants' copyright infringement, Defendants earned profits Defendants otherwise would not have earned.

48. On information and belief, Defendants' infringing conduct alleged was and continues to be willful and with full knowledge of Barkley's rights and has enabled Defendants illegally to obtain profit therefrom.

49. Barkley is entitled to the maximum statutory damages under 17 U.S.C. § 504(c) for Defendants' willful infringing conduct, and for such other amount as may be proper under 17 U.S.C. § 504(c).

50. As a direct and proximate result of the Defendants' infringing conduct, Barkley sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless Defendants' infringing conduct is enjoined, Defendants will continue to infringe the copyrighted work. Barkley is entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

51. Barkley is entitled to a rebuttable presumption of irreparable harm upon a finding of trademark infringement under 15 U.S.C. § 1116.

52. Plaintiff is also entitled to statutory damages under 17 U.S.C. § 504 of at least $30,000 per infringing work. Because Defendants' infringement was willful, Defendants is liable for statutory damages of $150,000 under 17 U.S.C. § 504(c)(2).

## THIRD CLAIM FOR RELIEF FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION [15 U.S.C. § 1125(A)]

53. Barkley repeats the allegations of the previous paragraphs.

54. Defendants' unauthorized use of Barkley's trademarks, trade dress, and copyrights and confusingly similar versions constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' competing test preparation goods by creating the false and misleading impression that Defendants' goods are produced by, authorized by, or otherwise associated with Barkley.

55. As a direct and proximate result of Defendants' wrongful acts, Barkley has suffered, continues to suffer, and is likely to suffer damage to its brands, business reputation, and goodwill that money cannot compensate. Unless enjoined, Defendants will continue to use Barkley's trademarks, trade dress, and copyrights and will cause irreparable damage to Barkley and to the represented business and goodwill, for which Barkley has no adequate remedy at law.

56. Defendants' conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Barkley is also entitled to recover from Defendants the actual damages Barkley has sustained, is sustaining, and is likely to sustain because of Defendants' wrongful acts.

58. Because of the willful nature of Defendants' wrongful acts, Barkley is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

59. Because this is an exceptional case, Barkley is also entitled to recover its costs of suit and its attorneys' fees under 15 U.S.C. § 1117.

60. Defendants' unauthorized use of Barkley's trademarks, trade dress and copyrights is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary

to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Barkley, or that Defendants are affiliated with or sponsored by Barkley.

61. Defendants' unauthorized use in commerce of Barkley's trademarks, trade dress and copyrights constitute use of a false designation of origin and unfair competition.

62. Upon information and belief, Defendants' conduct is willful, is intended to, and is likely to cause confusion, mistake, or deception as to Defendants' affiliation, connection, or association with Barkley.

63. Defendants' conduct is causing immediate and irreparable harm and injury to Barkley, and to its goodwill and reputation, and will continue to both damage Barkley and confuse the public unless enjoined by this court. Barkley has no other adequate remedy at law.

64. Barkley is entitled to, among other relief, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post judgment interest.

**FOURTH CLAIM FOR RELIEF – COMMON LAW TRADEMARK INFRINGEMENT [CALIFORNIA COMMON LAW]**

65. Barkley repeats the allegations of the previous paragraphs.

66. Barkley owns the common law trademark rights to its trademarks and source identifying marks.

67. Barkley has common law priority over Defendants.

68. Consumers are being confused and misled by Defendants' labels, which Defendants intentionally make to copy Barkley's trademarks and divert away Barkley's customers and create a false endorsement by Barkley.

69. Defendants willfully infringed and continue to willfully infringe Barkley's trademark Registration No. 6,272,223.

70. Defendants willfully infringed and continue to willfully infringe Barkley's trademark Registration No. 6,270,781.

71. Copies of those trademark Registration Certificates are attached as Exhibit B.

72. Defendants' acts are unfair competition under California common law.

73. Defendants knew or should have known that Defendants' infringement would cause Barkley to lose business.

74. On information and belief, Defendants' conduct was unlawful, unfair, and fraudulent and has had the potential to cause confusion. Defendants' conduct alleged above constitutes unfair competition under California common law.

75. As a direct and proximate result of Defendants' conduct, Barkley lost sales that but for Defendants' conduct it would have made. Barkley also suffered and will continue to suffer damages to its business, reputation, and goodwill, in an amount to be established.

76. As a direct and proximate result of Defendants' wrongful acts, Barkley suffered and will continue to suffer substantial financial losses and irreparable injury to its business reputation and goodwill. Barkley's remedy at law is not adequate to compensate for injuries Defendants inflicted so Barkley is entitled to injunctive relief.

77. Because of Defendants' wrongful acts, Barkley is and was, and will be deprived of the profits and benefits of its business relationships, agreements, and transactions with its existing and prospective customers. Defendants wrongfully obtained those profits and benefits in an amount Barkley will prove.

78. On information and belief, Defendants' acts as described above were done with oppression, fraud and malice, entitling Barkley to an award of punitive damages, in an amount to be established.

79. Defendants' actions demonstrate an intentional, willful, and malicious intent to misappropriate Barkley's efforts developing and marketing its products.

80. Defendants acted in reckless disregard of Barkley's rights.

81. Defendants knowingly copied Barkley's trade dress to engage in trade dress and trademark infringement.

82. With no relent, Defendants made and continue to make infringing versions of Barkley testing materials with a willful and conscious disregard of Barkley's rights.

83. Defendants' decision to continue to create and advertise new product without changing the infringing labels and documents is evidence of Defendants' intent to deprive Barkley of its property.

84. Barkley has a famous reputation that needs to avoid being associated with Defendants' products, but Defendants' intentional conduct damages Barkley's reputation.

85. Defendants have been unjustly enriched from Defendants' infringements and other alleged acts, Barkley, therefore, also is entitled to recover any unjust enrichment caused by Defendants' misappropriation of Barkley's property.

86. As a direct and proximate result of Defendants' acts, Barkley has suffered and will continue to suffer damages, including lost profits, in an amount subject to proof.

87. Defendants' infringement and palming off was willful and designed to damage Barkley. Therefore, Defendants are liable for enhanced and punitive damages.

**FIFTH CLAIM FOR RELIEF - UNFAIR BUSINESS PRACTICES**

**[CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200]**

88. Barkley repeats the allegations of the previous paragraphs.

89. Defendants engaged in unfair business practices under Cal. Bus. & Prof. Code § 17200 by engaging in unlawful and unfair conduct, as described above.

90. Defendants consciously designed Defendants' product to imitate and copy Barkley's copyright protected digital and print media to create a likelihood of confusion and to blur the distinction between Defendants' products and Barkley's well-known company and famed nurse test prep materials.

91. Defendants' acts caused Barkley to lose sales and profits from those sales.

92. Defendants' trademark, trade dress and copyright infringement caused Barkley's lost sales and profits.

93. Barkley would not have suffered the same losses despite Defendants' acts.

94. As a proximate and foreseeable result of Defendants' violations of the California unfair competition law, Barkley suffered lost-sales damages in an amount presently unknown.

95. Defendants received profits and revenue Barkley otherwise would have received by Defendants' selling products that consumers mistakenly thought were made by Barkley.

96. Barkley's market share was also diminished because of Defendants' conduct, which caused decreased sales and loss of profits. Defendants' conduct also caused Barkley to suffer increased advertising costs.

97. By misappropriating and using Barkley's protected marks, trade dress, copyrights, label, artwork, design, and related protected works, Defendants misrepresented and falsely described to the public the origin and source of the products and created a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of these products.

98. Barkley has been and will continue to suffer damages and irreparable harm from sales lost to Defendants because of Defendants' unfair competition unless Defendants are enjoined from engaging in further such acts.

## REQUEST FOR RELIEF

WHEREFORE, Barkley respectfully prays for:

1. A judgment and order that Defendants willfully: (A) infringed Barkley's trademarks in violation of 15 U.S.C. §1114, (B) infringed Barkley's trade dress in violation of the Lanham Act 43(a), (C) infringed Barkley's registered copyrights in violation of 17 U.S.C §§ 101 *et seq.*, (D) used false designations of origin and engaged in unlawful unfair competition in violation of 15 U.S.C § 1125(a), (E) engaged in unfair competition under California common law, and (F) engaged in unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.

2. A judgment and order enjoining Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert with Defendants or at the direction of Defendants, during the pendency of this action and permanently thereafter from manufacturing, minting, labeling, designing, making, offering, delivering, displaying, warehousing, storing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any of Defendants' products that bear Barkley's trademarks, trade dress, and copyrights, including substantially similar or indistinguishable versions thereof or therefrom, or any other marks, trade dress, designs, artwork, packaging, bottles, labels, names, symbols, or logos that are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products emanating from Defendants' or any of Defendants' commercial activities are sponsored, licensed, or authorized by Barkley, or are connected or affiliated with Barkley.

3. A judgment and order that Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert or at the direction of Defendants, dur-

ing the pendency of this action and permanently thereafter that Defendants must deliver to Barkley for destruction all products, bottles, labels, files, labels graphics, artwork, designs, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, all the foregoing including both digital and physical files and materials, and any other items in any of Defendants' possession, custody, or control bearing confusingly similar copies of Barkley's marks, trade dress, and copyrights, and related labels and logos or any simulation, reproduction, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of production under 15 U.S.C. § 1118.

4. A judgment and order that Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert with Defendants or at the direction of Defendants, during the pendency of this action and permanently thereafter be enjoined and restrained from:

(a) using any reproduction, copy, or colorable imitation of the Barkley marks, trade dress, copyrights, and related labels and logos, to identify any goods or the rendering of any services not authorized by Barkley;

(b) engaging in any course of conduct likely to cause confusion, deception, or mistake, or injure Barkley's business reputation or weaken the distinctive quality of the Barkley marks, trade dress, copyrights, and related labels and logos;

(c) using a false description or representation including words or other symbols falsely describing or representing Defendants' unauthorized goods as being those of Barkley or sponsored by or associated with Barkley and from offering such goods in commerce;

(d) further infringing the Barkley marks, trade dress, copyrights, and related labels and logos by manufacturing, producing, importing, distributing,

circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Barkley bearing any simulation, reproduction, copy or colorable imitation of the Barkley marks, trade dress, copyrights, and related labels and logos;

(e) using any simulation, reproduction, copy or colorable imitation of the Barkley marks, trade dress, copyrights, and in the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or relate or connect, such products to Barkley, or to any goods sold, made, sponsored or approved by, or connected with Barkley;

(f) making any statement or representation, or using any false designation of origin or false description, or performing any act that can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, imported sold or offered for sale, or rented by Defendants is associated or connected with Barkley; or is sold, manufactured, licensed, sponsored, approved or authorized by Barkley;

(g) engaging in any conduct infringing the Barkley marks, trade dress, copyrights, and, of Barkley's rights in Barkley's marks, trade dress, copyrights, and related labels, or constituting any weakening of Barkley's name, trade dress, reputation, or goodwill;

(h) using or continuing to use Barkley marks, trade dress, copyrights, and or trade names or trade dress or any variation thereof on the Internet (either in the text of websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in any goods or services not directly authorized by Barkley;

(i) hosting or acting as internet service provider for or operating any websites that offer for sale any products bearing the Barkley marks, trade dress, copyrights.

(j) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products that infringe the Barkley marks, trade dress, copyrights; and

(k) affecting assignments or transfers, forming new entities or associations, or utilizing any other device to circumvent or otherwise avoiding the prohibitions in subparagraphs (a) through (j).

5. A judgment and order that Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert with Defendants or at the direction of Defendants, within ten days of judgment, take all steps necessary to remove from all websites Defendants own or control all text or other media offering for sale any merchandise bearing copies of the Barkley marks, trade dress, copyrights, including substantially similar versions thereof and therefrom.

6. A judgment and order granting an award of damages suffered by Barkley according to proof at the time of trial.

7. A judgment and order that Defendants account to Barkley for all profits earned because of Defendants' acts in violation of Barkley's rights and disgorgement of those profits to Barkley.

8. A judgment and order granting an award of three times the amount of compensatory damages and increased profits under 15 U.S.C. § 1117.

9. A judgment and order that Defendants, on behalf of all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert with Defendants or at the direction of Defendants, within 30 days of judgment, file with this court and serve Barkley with a notarized sworn statement under 15 U.S.C. § 1116(a) detailing the manner and form in which Defendants complied with the final judgment and order.

10. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by Barkley or related to Barkley's products.

11. A judgment and order that Defendants pay Barkley's costs with reasonable attorneys and investigators fees and prejudgment interest under 15 U.S.C. § 1117.

12. A judgment and order granting an award of punitive damages to Barkley for Defendants' willful, malicious, and bad faith conduct under California common law.

13. A judgment and order directing this Court retain jurisdiction to enable Barkley to apply to the Court at any time for further orders and interpretation or execution of any order entered, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations.

14. Awarding Barkley such other and further just and proper relief.

April 23, 2025

/s/ Brian Tamsut
Brian Tamsut
SoCal IP Law Group LLP

Attorney for Plaintiff Barkley & Associates Inc.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

April 23, 2025

/s/ Brian Tamsut
Brian Tamsut
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Barkley & Associates Inc.